UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAQUAN DAVIS,
    *Petitioner*,

v.

JESUS GUADARAMA,
    *Respondent*.

No. 3:24-cv-00278 (SFR)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jaquan Davis, a state pretrial detainee, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Davis is currently awaiting trial on charges of accessory to manslaughter. Through his petition, he seeks release from custody as well as dismissal of the charges against him. Because federal courts are prohibited from exercising jurisdiction over such claims under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the court dismisses Mr. Davis's petition.

### BACKGROUND

Mr. Davis is a pretrial detainee charged with accessory to manslaughter.[1] He is currently confined at the MacDougall-Walker Correctional Institution. ECF No. 1 at 1. The Connecticut Superior Court set Mr. Davis's bond at $1.5 million, which he has not been able to pay. *Id.* at 2-3. He now challenges his confinement via a petition for writ of habeas corpus under § 2241.

Mr. Davis alleges a variety of constitutional violations and substantive defenses to the charges that he faces. *Id.* at 2. He argues he is innocent of the charged crimes because he lacked

---

[1] Mr. Davis notes in his petition that he was originally charged with conspiracy to commit murder. ECF No. 1 at 2. The court takes judicial notice of Mr. Davis's current charges, which can be found on the State of Connecticut Judicial Branch website.

1

the requisite mental state and because he was engaged in the defense of a third person. *Id*. at 2. Mr. Davis seeks release from confinement and dismissal of the charges he faces. *Id.* at 4.

## DISCUSSION

Under rare circumstances, federal courts must abstain from deciding cases that would otherwise fall within their jurisdiction. Relevant here is the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), which prevents federal courts from exercising jurisdiction over cases that involve ongoing state criminal prosecutions. *See Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022). "Federal courts must abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding, to preserve the 'longstanding public policy against federal court interference with state court proceedings' based on principles of federalism and comity." *Disability Rts. New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (quoting *Younger*, 401 U.S. at 43-44).

Pursuant to *Younger*, federal courts have frequently declined to interfere with state court bail decisions. *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (citing *Wallace v. Kern,* 520 F.2d 400, 405-06 (2d Cir. 1975)); *see also Cook v. Martin*, No. 3:21-cv-1465 (SRU), 2022 WL 2817452 at *1-4 (D. Conn. July 19, 2022). Similarly, federal courts ordinarily refuse requests to dismiss state criminal charges. *See, e.g.*, *DeFreitas v. Toulon*, No. 2:23-cv-5933 (NJC), 2024 WL 308250 at *5 (E.D.N.Y. Jan. 26, 2024). There is an exception to the *Younger* rule for cases involving "bad faith, harassment, or a patently invalid state statue." *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). But Mr. Davis has not alleged any non-conclusory facts that would justify invoking this exception. Accordingly, *Younger* commands that the court dismiss Mr. Davis's petition.

## **CONCLUSION**

For the reasons stated above, the court DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of the Court shall close this case.

It is so ordered.


Bridgeport, Connecticut
March 13, 2025

                                                        /s/*Sarah F. Russell*
                                                        Sarah F. Russell
                                                        United States District Judge